# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 06-03243-JW |
| Stanley Holmes, | Chapter 13 |
| Debtor(s). | **ORDER** |

This matter comes before the Court upon a Motion to Extend Stay filed by Stanley Holmes ("Debtor") pursuant to 11 U.S.C. § 362(c)(3)(B).[1] The Motion was served on all creditors. The chapter 13 trustee filed a response to the Motion. A hearing on the Motion was held within thirty days of the petition date.

This case is Debtor's second bankruptcy filing. Debtor's previous case was dismissed on May 5, 2006 for failure to make payments pursuant to the terms of a confirmed Chapter 13 plan. Because the previous case was dismissed during the one (1) year period preceding the filing of this case, Debtor must meet the requirements of § 362(c)(3)(B) to continue the protection of the automatic stay in this bankruptcy case beyond thirty days. See In re Jupiter, 344 B.R. 754 (Bankr. D.S.C. 2006) (interpreting § 362(c)(3)(A) as terminating the automatic stay with respect to the debtor and property of the debtor's estate). Under § 362(c)(3)(C)(i)(II)(cc), there is a presumption that Debtor did not file this case in good faith because Debtor's previous case was dismissed for failure to make timely plan payments. The lack of good faith presumption also arises with respect to IndyMac Bank pursuant to § 362(c)(3)(C)(ii) because it obtained a modification of the automatic stay in the previous case. Therefore, Debtor must demonstrate, by clear and convincing evidence, that he filed this case in good faith in order to extend the stay beyond September 1, 2006.

---

[1] Hereinafter internal references to the Bankruptcy Code (11 U.S.C. § 101 et. seq.), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, shall be made by section number only.

Debtor was represented by different counsel in the previous case. Debtor asserts that the previous counsel failed to provide adequate representation resulting in Debtor having a plan payment that was unaffordable due to counsel's failure to address certain child support arrearage in Debtor's confirmed plan and the erroneous treatment of certain tax debt. In the first case, Debtor was obligated to make plan payments of $222.00 per month. Debtor's social security benefits were offset in the previous case by approximately $360.00 per month because Debtor's plan did not include the payment of the child support arrearage.

In this case, the chapter 13 trustee indicates a plan payment of at least $490.00 per month is required in order to pay a minimum 1% distribution to unsecured creditors and pay a higher than scheduled mortgage arrearage claim. According to Debtor's testimony, the offset of debtor's social security benefits has ceased and his proposed plan offers to pay $244.00 per month to cure the child support arrearage. The net effect of these adjustments to Debtor's budgeted income and expenses leaves Debtor in essentially the same position that he was in during the previous case in that he has more income but his plan payment has also increased. The similarity of Debtor's financial condition in this case to the previous case does not convince the Court that there is a significant change in circumstances. See In re Goodwin, C/A No. 05-45110-W, slip op. at 4-5 (Bankr. D.S.C. Dec. 19, 2005).

The Court also has serious doubts as to the feasibility of Debtor's proposed plan notwithstanding the slight increase in disposable income. Although the size of Debtor's household remains the same as the previous case, Debtor has decreased his budget for food by 33 percent. The Court has previously expressed concern that debtors may be manipulating their budgets for the sake of showing a feasible plan in order to meet the requirements of § 362(c)(3)(B). See In re Dinkins, C/A No. 06-02820, slip op. at 4 (Bankr. D.S.C. Aug. 16,

2006). "Debtors must be prepared to offer credible and convincing evidence at the hearing on their motion to extend the automatic stay if there are inconsistencies or significant fluctuations between their schedules in a previous case and their schedules in their current case." Id. Debtor offered no such evidence in this case at the hearing on the Motion. See In re Jupiter, C/A No. 06-00963-W, slip op. at 2 (Bankr. D.S.C. Mar. 31, 2006) (denying a motion to extend stay, in part, because debtor failed to offer evidence to convince the Court that her reduced budget was feasible). The inconsistencies between this case and the previous case raises questions about whether the current schedules are accurate and therefore whether that the plan is feasible. Debtor's failure to adequately explain these inconsistencies weighs against granting the Motion. See Dinkins, slip op. at 3-4.

Debtor's credibility is also weakened by Debtor's last minute amendment to his schedules. One business day before the hearing on the Motion, Debtor amended his schedules to show an increase in income and expenses. Prior to that time, Debtor had insufficient disposable income to make the proposed plan payment. With the amendment, Debtor appears to have just enough income to make the proposed plan payment and meet his living expenses. However, the issue of feasibility is tenuous, at best, given Debtor's inconsistencies in his budget and the Court is not persuaded by Debtor's testimony that he has demonstrated good faith by clear and convincing evidence.

Finally, the Court is not presently convinced that any neglect by Debtor's previous counsel constitutes a significant change in Debtor's personal or financial circumstances that warrants a finding of good faith and the extension of the stay in this case. In drafting § 362(c)(3)(C), Congress specifically set forth when a presumption of lack of good faith would arise. Under § 362(c)(3)(C)(i)(II)(aa), Congress provided that a presumption of lack of good

faith would not arise if the dismissal of a debtor's previous case was due to the failure to file or amend a petition or other documents required by Title 11 and such failure was caused by the negligence of debtor's counsel. Congress did not provide for similar protection under the other provisions of § 362(c)(3)(C)(i). The Court must presume that Congress acted intentionally and purposefully when it includes particular language in one section of a statue but omits it in another. See Keen Corn. v. U.S., 508 U.S. 200, 208, 113 S.Ct. 2035 (1993). Since Congress did not provide that counsel's negligence in proposing a plan does not give rise to a presumption of lack of good faith, the Court must presume that the absence of such negligence in this case does not demonstrate good faith for purposes of § 362(c)(3).

Accordingly, under the totality of the circumstances, the Court concludes that Debtor has failed to rebut, by clear and convincing evidence, the presumption that he filed this case with a lack of good faith.[2] Therefore, Debtor's Motion is denied, and the automatic stay shall expire on September 1, 2006 pursuant to § 362(c)(3)(A). As a condition for allowing this case to continue, it is further ordered that any dismissal of this case shall be with prejudice for a period of one-hundred eighty (180) days.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
August 28, 2006

---

[2] The Court's findings are limited to the context of this Motion and nothing in this Order shall be construed as *res judicata* to prevent Debtor, the trustee, or any party in interest from challenging or establishing that this case or plan was filed or proposed in good faith for purposes of 11 U.S.C. §§ 1307 or 1325. See In re Charles, 332 B.R. 538, 542 (Bankr. S.D. Tex. 2005) (holding that Congress, by enacting § 362(c)(3), intended the courts to conduct an early triage of a case and determine whether a case is doomed to fail or whether a case has a reasonable likelihood of success).

4